## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JIMMY DEWAYNE MAY,
ADC #163080                                                    PETITIONER

V.                          NO. 5:18-CV-00053-BSM-JTR

WENDY KELLEY, Director,
Arkansas Department of Correction                              RESPONDENT

<u>RECOMMENDED DISPOSITION</u>

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I.  Background

Pending before the Court is Respondent Wendy Kelley's Motion to Dismiss the habeas Petition filed by Petitioner, Jimmy Dewayne May ("Mr. May"), on the ground that it is time-barred. *Doc. 12*. On June 5, 2018, Mr. May filed a Response opposing the Motion. *Doc. 20*.

Before addressing the merits of Respondent's Motion, the Court will review the relevant procedural history of the case in state court.

On February 3, 2016, a Sebastian County jury convicted Mr. May of Simultaneous Possession of Drugs and Firearms, Possession of Drug Paraphernalia, and Possession of Methamphetamine. *Doc. 13-1 at 1-2*. As a habitual offender, Mr. May received the following consecutive sentences: seventeen years for Simultaneous Possession of Drugs and Firearms; seven years for Possession of Drug Paraphernalia; and six years for Possession of Methamphetamine. *Id*.

In his appeal to the Arkansas Court of Appeals, Mr. May argued that the trial court erred in failing to suppress evidence obtained through an illegal search of his vehicle. *May v. State*, 2016 Ark. App. 605, 509 S.W.3d 14.[1] On December 14, 2016, the Arkansas Court of Appeals affirmed Mr. May's convictions. *Id*.[2] Mr. May did

---

[1] Mr. May argued that the methamphetamine, glass smoking pipe, scale, syringes, and handgun found in his truck should have been suppressed because the arresting officer did not have "reasonable suspicion or probable cause to make the stop or reasonable suspicion to even make the contact[,]" in violation of Rules 2.2 and 3.1 of the Arkansas Rules of Criminal Procedure, as well as article 2, section 15 of the Arkansas Constitution. *May*, 2016 Ark. App. 605, at 3, 509 S.W.3d at 16.

[2] The Arkansas Court of Appeals concluded that Mr. May failed to specifically challenge the circuit court's alternative finding that, "even if the initial stop was not authorized, the officer's discovery of the arrest warrant was an independent and intervening factor that led to his arrest and the subsequent search, thereby removing any taint that may have existed." *May*, 2016 Ark. App. 605, at 4-5, 509 S.W.3d at 17 (citations omitted). The Arkansas Court of Appeals explained, "[w]hen an appellant fails to attack a circuit court's independent, alternative basis for its ruling, we will not reverse." *Id*.

not petition the Arkansas Supreme Court to review the decision of the Arkansas Court of Appeals.

On February 16, 2017, Mr. May mailed a *pro se* Rule 37 Petition to the Sebastian County Circuit Court. *Doc. 13-3 at 8-9*; *Doc. 20 at 3*.[3] His Rule 37 Petition was signed, verified, notarized, and otherwise met *all* of the requirements necessary for it to be filed by the Sebastian County Circuit Clerk. *See* Ark. R. Crim. P. 37.1(c). Mr. May mailed his Rule 37 Petition to the Clerk well within the sixty-day filing deadline, which expired on March 6, 2017.[4]

On February 28, 2017, the Sebastian County Circuit Clerk returned the Rule 37 Petition to Mr. May, *unfiled*, along with a transmittal letter which explained that:

> I am enclosing your Petition for Post-Conviction relief under R[u]le 37 and Affidavit in Support of Request to proceed In Forma Pauperis. I am unable to process your paper work because you did not include the required Cover Sheet. I have provided a copy for your convenience.

---

[3] In his Rule 37 Petition, he alleged that: (1) His trial counsel, Rita Watkins, was constitutionally ineffective; (2) His attorney on direct appeal, David Dunagin, was ineffective because he failed to challenge the trial court's alternative finding upon which the Arkansas Court of Appeals ultimately affirmed; (3) Mr. Dunagin never contacted him (or his mother) regarding his case and refused to answer Mr. May's numerous letters; and (4) The trial court, his trial attorney, and his appellate attorney all failed to explain to him why he lost his suppression hearing. *Doc. 13-3 at 6*.

[4] Arkansas law required Mr. May to file his Rule 37 Petition within sixty days of the date the Arkansas Court of Appeals' mandate affirming his convictions, which was issued on January 4, 2017. Ark. R. Crim. P. 37.2(c)(ii); *Doc. 13-2 at 4*. Thus, Mr. May was required to file his Rule 37 Petition in Sebastian County Circuit Court no later than Monday, March 6, 2017. See Ark. R. Crim. P. 1.4 (Day 60 fell on Sunday, March 5, 2017; however, "[w]hen the first or last day of a time period is a Saturday, Sunday, or state or federal legal holiday, it shall not be computed as part of the period, which shall run until the end of the next day which is neither a Saturday, Sunday, nor a legal holiday.").

> It is recommended that you contact an attorney. This office
> cannot give legal advice . . . nor provide you with any
> forms.
>
> Please govern yourself accordingly.

*Doc. 20 at 8.*

On March 10, 2017, Mr. May mailed the Sebastian County Circuit Clerk the original Rule 37 Petition, *dated February 16, 2017*, along with the requested Cover Sheet.[5] The Clerk then accepted the Rule 37 Petition, but file-marked it "March 16, 2017," ten days *after* the March 6, 2017 filing deadline. *Doc. 13-3*; *Doc. 20 at 13*. Mr. May's transmittal letter to the Sebastian County Circuit Clerk correctly explained why his Rule 37 Petition, which the Clerk initially received *well before* the March 6, 2017 deadline, should be deemed timely:

> I am enclosing my Petition for Post-Conviction Relief
> under Rule 37 and Affidavit in Support of Request to
> Proceed In Forma Pauperis that was returned to me by you
> in reason of it did not contain the "required Cover Sheet."
> I have enclosed the cover sheet, but am afraid that I have
> exceeded the (60) day deadline since you sent my
> paperwork back to me.
>
> ...Under [Rule 37.2(g)][,] [a petition that is not timely]
> shall be deemed filed on the date of its deposit in the
> facility's legal mail system if the following conditions are
> satisfied . . . [T]he conditions were met when I sent you
> the original paperwork.

---

[5] The cover sheet is not in the record. *Nothing* in Rule 37 or in any decisions by the Arkansas Supreme Court or Arkansas Court of Appeals requires a convicted prisoner to attach a "Cover Sheet" to his Rule 37 Petition as a filing prerequisite.

> . . .
>
> I am keeping the letter you sent me about the required
> Cover Sheet and the two (2) pages you stamped: (filed Ft.
> Smith DI 2017 FEB 28 AM 11[:]51) for my records to
> prove that I did send them to you in the timely manner
> required; but replaced the stamped papers with completed
> ones.
>
> . . .
>
> I will continue to seek legal matters concerning if my
> rights of timely filing has been violated and if my filing
> the Rule 37 still stands under the grounds that it was sent
> in due time the first time I sent you the Rule 37 filing
> forms.

*Id. at 11-12*.

Eleven days later, on March 27, 2017, the trial court entered an order denying,

*on the merits*, Mr. May's Rule 37 Petition.[6] *Doc. 13-3 at 11-12*. The order did not

mention anything about Mr. May's Rule 37 Petition being untimely. *Id*. On April

17, 2017, Sebastian County Court Administrator Raquel Harvey mailed a letter to

Mr. May that enclosed a copy of the trial court's order denying Rule 37 relief. In her

letter, Ms. Harvey explained to Mr. May that the trial court "accepted" his Rule 37

Petition as "*timely*":

---

[6] The trial court concluded that: (1) "[Mr. May] failed to meet his burden in establishing
[either deficient performance or prejudice]"; (2) "[T]he bulk of Petitioner's complaints do not
involve trial counsel at all, but rather express disappointment with appellate counsel and
disagreement with the decisions of the trial and appellate courts"; and (3) "[T]he files and record
of the case . . . conclusively show Petitioner is entitled to no relief, thereby eliminating the need
for an evidentiary hearing." *Doc. 13-3 at 11-12*.

> The Court has received your Request to Consider the Timeliness of Rule 37 Post Conviction Petition [which Mr. May made in his March 10, 2017 letter to the Sebastian County Court Clerk] and is advising the Court accepted it [the Rule 37 Petition] *as timely* and an order was entered on March 27, 2017, denying said petition.

*Doc. 20 at 13* (emphasis added).

Mr. May did not appeal the trial court's decision denying Rule 37 relief. *Doc. 3 at 4.*[7]

On February 19, 2018, Mr. May placed his § 2254 habeas Petition in the ADC's mail delivery system, which meant he initiated this action on that date.[8] Liberally construing Mr. May's habeas Petition, he raises the following claims:

---

[7] Mr. May claims he filed a notice of appeal of the trial court's denial of his Rule 37 Petition, but ultimately decided not to move forward with the appeal because he did not have counsel to assist him and "due to the finding of facts by the trial judge." *Doc. 3 at 4.* The record contains *nothing* to support Mr. May's assertion that he filed a notice of appeal. Further, the record does not contain any of the subsequent papers Mr. May was required to file to perfect his appeal of the trial court's denial of Rule 37 relief to the Arkansas Supreme Court. *See* online docket entries in *State v. Jimmy Dewayne May*, Sebastian County Cir. Ct. No. 66FCR-15-607 at https://caseinfo.arcourts.gov. Mr. May's apparent failure to appeal the trial court's denial of Rule 37 relief creates potentially insurmountable procedural default issues for him, which may prevent the Court from deciding the merits of his habeas claims.

[8] Respondent argues that Mr. May's § 2254 habeas Petition is not entitled to the benefit of the prison mailbox rule because he failed to specifically declare in his habeas papers that first-class postage was affixed to the mailing envelope. *See* Rule 3(d), Rules Governing Section 2254 Cases in United States District Courts.

Respondent's "overly literal reading of the rule makes little sense" given that: (1) Mr. May declared in the Petition that he signed and placed it in the prison mailing system on February 19, 2018; and (2) the Clerk of the Court for the Eastern District of Arkansas received and file-marked his habeas Petition three days later, on February 22, 2018, which is *incontrovertible proof* that Mr. May in fact affixed the required postage to the mailing envelope. *See Bentz v. Hardy*, 638 Fed. Appx. 535, fn. 1 (7th Cir. April 8, 2016) (refusing to find appeal untimely based on a prisoner's failure to declare prepaid postage where evidence demonstrated prisoner in fact did pay the postage). Furthermore, the habeas form provided to Mr. May by the ADC explicitly provided that

6

1. Mr. May's trial counsel, Ms. Watkins, provided constitutionally ineffective assistance of counsel when she failed to file a timely motion to suppress evidence and further failed to object to the admission of that evidence at trial.

2. Ms. Watkins provided constitutionally ineffective assistance of counsel when she failed to investigate Mr. May's case and conduct adequate pretrial discovery.

3. Ms. Watkins provided constitutionally ineffective assistance of counsel when she failed to object to "profiling".

4. Ms. Watkins provided constitutionally ineffective assistance of counsel when she failed to object to the introduction of Mr. May's out-of-state criminal history during the sentencing phase of his trial.

5. Mr. May's appellate counsel, Mr. Dunagin, provided constitutionally ineffective assistance of counsel on direct appeal when he failed to attack the circuit court's independent, alternative basis for ruling against Mr. May on the suppression issue.

6. The trial court erred in failing to suppress the evidence.

7. The Arkansas Court of Appeals erred in making the *sua sponte* determination that, because he failed to appeal the circuit court's independent, alternative basis for ruling against him, his conviction must be affirmed.

*Docs. 2 and 3.*

---

he was only required to deliver his habeas Petition to prison authorities for mailing. The form *did not* require Mr. May to declare that he prepaid postage. *Doc. 2 at 13-14*. Accordingly, Mr. May is entitled to the benefit of the prisoner mailbox rule, which means his federal habeas Petition was filed on February 19, 2018.

For the reasons explained below, the Court concludes that Mr. May initiated this habeas action within the applicable one-year limitations period in § 2244(d)(1)(A). Accordingly, Respondent's Motion to Dismiss should be denied.

## II. Discussion

### A.    AEDPA's One Year Limitations Period

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas petitioner must file his habeas Petition within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" under § 2244(d)(1)(A) when the time for seeking such review expires[.]").

Mr. May had eighteen days to petition the Arkansas Supreme Court to review the Arkansas Court of Appeals' denial of his direct appeal on December 14, 2016. Ark. R. Sup. Ct. 2-4. By electing *not* to seek review from the Arkansas Supreme Court, his judgment of conviction became "final" eighteen days later, on Sunday, January 1, 2017.  Because the New Year's Day holiday was observed on Monday, January 2, 2017, Mr. May had until and including January 3, 2017, (not January 2, 2017, as calculated by Respondent) to petition the Arkansas Supreme Court for

8

review. *See* Ark. R. App. P. – Crim. 17. Because he elected not to appeal to the Arkansas Supreme Court, the Arkansas Court of Appeals issued its mandate on January 4, 2017, and Mr. May's conviction became final. *Doc. 13-2 at 4.*

Under 28 U.S.C. § 2244(d)(1)(A), Mr. May had 365 days from January 4, 2017, to file his federal habeas Petition, *subject to* any applicable periods of statutory or equitable tolling, which are *not* counted against the 365 days.

## B.    Statutory Tolling

AEDPA provides that the one-year limitations period is tolled while a "properly filed" Rule 37 Petition for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). A state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Arkansas law required Mr. May to "properly file" a Rule 37 petition within sixty days of the date the Arkansas Court of Appeals issued its mandate on January 4, 2017. Ark. R. Crim. P. 37.2(c)(ii). Thus, he had until and including March 6, 2017, to file his Rule 37 Petition in Sebastian County Circuit Court.[9]

---

[9] The sixtieth day fell on Sunday, March 5, which gave Mr. May one extra day to file his Rule 37 Petition. *See* Ark. R. Crim. P. 1.4.

Respondent argues that, because the Sebastian County Circuit Clerk file-marked Mr. May's Rule 37 Petition "March 16, 2017," it was "untimely," and cannot be considered "properly filed." *Doc. 13 at 4-5*. The Court disagrees.

The *pro se* Rule 37 Petition Mr. May mailed to the Sebastian County Circuit Clerk, on February 16, 2017, was timely and met *all* of the filing requirements in Rule 37.1(c). Thus, the Clerk was *required* to accept and file that pleading on the day she received it. *See Cook v. State*, 2016 Ark. 143, at 2, 2016 WL 1268190 (A circuit court clerk "*may not decline to file, or delay the filing of, a Rule 37.1 petition* [based on a pending] motion for leave to proceed in forma pauperis in the matter, a motion for appointment of counsel or *for any other reason*." (citation omitted and emphasis added)).  Instead of doing so, the Clerk's February 28, 2017 transmittal letter to Mr. May (which she dated and mailed *well before* the March 6, 2017 filing deadline) stated that she was returning his Rule 37 Petition, unfiled, "because you did not include the required Cover Sheet." *See* Sebastian County Circuit Clerk's transmittal letter to Mr. May, dated February 28, 2017 (*Doc. 20 at 8*).[10]

Finally, Rule 37.1(d) explicitly provides that a circuit clerk can only refuse to accept a Rule 37 petition for filing if it "fails to comply with subsection (c) of this

---

[10] As indicated previously, the Sebastian County Circuit Clerk's so-called "Cover Sheet" requirement is contrary to Arkansas law. *Nothing* in Rule 37 requires a petitioner to file a "*cover sheet*," along with his or her Rule 37 Petition and *nothing* in Arkansas case law has ever attempted to engraft such a requirement onto Rule 37.

rule." Rule 37.1(c) requires the petitioner to include with the petition a notarized affidavit using specific language to verify the petition. Mr. May's Rule 37 Petition contained a notarized affidavit that included the specified language in subsection (c). Given Rule 37.1's specific directive that the clerk can only refuse to file a Rule 37 Petition if it lacks the required notarized affidavit, the Sebastian County Circuit Clerk had *no legal or statutory basis* for refusing to file Mr. May's Rule 37 Petition because it lacked a "Cover Sheet." Accordingly, her rejection of Mr. May's Rule 37 Petition was an *ultra vires* act that had no legal force or effect.

Mr. May mailed a *timely, verified, and notarized* Rule 37 Petition on February 16, 2017, which fully complied with all of the filing requirements of Rule 37.1(c), including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz*, 531 U.S. at 8. When Mr. May learned the Clerk had refused to file his Rule 37 Petition because it lacked a "Cover Sheet," he promptly completed that form (even though he was *not* required to do so) and returned it, along with his original Rule 37 Petition bearing the service date of February 16, 2017. In his transmittal letter to the Clerk, he explained that his Rule 37 Petition met all the requirements necessary for it to be

11

deemed filed *on February 16, 2017*, the date he placed it in the mailbox at the Cummins Unit.[11]

Finally, by denying Mr. May's Rule 37 Petition, *on the merits* (*Doc. 13-3 at 11-12*), and sending Mr. May a transmittal letter explaining that *his Rule 37 Petition was timely* (*Doc. 20 at 13*), the trial court resolved *all doubt* about whether Mr. May was entitled to statutory tolling, beginning on February 16, 2017.

Accordingly, the calculation of the commencement, running, and tolling of the one-year limitations period is set forth below:

(1) January 4, 2017    The one-year statute begins to run on the day Mr. May's judgment of conviction becomes final.

➔ *43 days run against the federal limitations period*

(2) February 16, 2017    Mr. May places his Rule 37 Petition in the Cummins mailbox, tolling the running of the limitations period.

➔ *39 days of statutory tolling*

(3) March 27, 2017    The trial court denies Mr. May's Rule 37 Petition, giving Mr. May 30 days to file a notice of appeal.[12]

---

[11] Under Arkansas law, "a [Rule 37] petition filed *pro se* by a person confined in a correctional or detention facility that is not timely . . . shall be deemed filed on the date of its deposit in the facility's legal mail system" if several conditions are satisfied. Ark. R. Crim. P. 37.2(g). This rule, patterned after the federal "prison mailbox rule," requires the prisoner to have filed his petition *pro se*, deposited the petition into the facility's legal mail system with first-class postage prepaid, addressed to the clerk of the circuit court, and include a notarized statement to that effect. *Id*.

[12] Mr. May claims he filed a notice of appeal, but it does *not* appear in the record. In any event, however, the limitations period was statutorily tolled for *at least* the thirty days Mr. May was allowed to file his notice of appeal. *See* Ark. R. App. P. Civ. 4(a) (notice of appeal must be

➔ *30 days of statutory tolling*

(4) April 26, 2017      The trial court's denial of Rule 37 relief becomes final and the statute of limitations resumes running.

➔ *299 days run against the limitations period*

(5) February 19, 2018     Mr. May places his federal habeas Petition in the Cummins mailbox; thereby commencing this action on the *342nd* day after the one-year statute of limitations began to run.

After crediting the appropriate intervals of statutory tolling against the one-year statute, Mr. May's federal habeas Petition was timely filed. Accordingly, the Court recommends that Respondent's Motion to Dismiss be denied.

## C.    Equitable Tolling

Because § 2244(d) is a statute of limitations, not a jurisdictional bar, it may be subject to equitable tolling if a petitioner can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010). While "the circumstances of a case must be extraordinary" before equitable tolling is appropriate, the Supreme Court has recognized "that often the exercise of a court's

---

filed within thirty (30) days of the entry of the order appealed from); *see also Nelson v. Kelley*, No. 5:15CV00013 BSM, 2015 WL 3619834, at *3 (E.D. Ark. June 9, 2015) (citing *Streu v. Dormire*, 557 F.3d 960, 966 (8th Cir. 2009) (limitations period tolled until the time for filing a notice of appeal from the circuit court's order expired); *Small v. Norris*, No. 5:08CV00273JLH–HLJ, 2009 WL 1529463, at *5-6 (E.D. Ark. June 1, 2009)(same)).

equity powers must be made on a case-by-case basis. . . . exercis[ing] judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id*. at 649-50 (internal citations and quotations omitted). As to the diligence requirement, a petitioner is required to demonstrate "reasonable diligence," not "maximum feasible diligence." *Id*. at 653.

On February 16, 2017, Mr. May mailed his Rule 37 Petition to the Sebastian County Circuit Clerk. His Petition met *all* of the filing requirements contained in Rule 37 and, when it was received by the Clerk, Arkansas law obligated her to file it. Instead of doing so, on February 28, 2017, the Clerk returned Mr. May's Rule 37 Petition because it did not include a "Cover Sheet." In her accompanying transmittal letter, she advised Mr. May that he must resubmit the Petition with the supposedly required "Cover Sheet." On March 10, 2017, Mr. May mailed his original Rule 37 Petition to the Clerk and included the "Cover Sheet." However, in his transmittal letter to the Clerk, he explained the reasons why his Rule 37 Petition should be deemed filed on February 16, 2018, the date he mailed the original Rule 37 Petition *in proper form for filing*.

The trial court later acknowledged the Clerk's error in refusing to file Mr. May's original Rule 37 Petition, and directed the Sebastian County Court Administrator to send Mr. May a transmittal letter advising him that: (1) the trial

14

court had *accepted* his Rule 37 Petition *as timely*; but (2) denied him Rule 37 relief, *on the merits*.

Mr. May clearly did not "sit on his rights" before filing his February 16, 2017 Rule 37 Petition. To the contrary, he promptly did *everything he could do* to ensure that he filed a *timely* Rule 37 Petition, which complied with *all* of the necessary filing requirements. Furthermore, he later received a strong and unequivocal ruling from the trial court that his Rule 37 Petition was *timely filed*. Nevertheless, Respondent relies on the Clerk's *plain error*, in refusing to file Mr. May's initial Rule 37 Petition (which unquestionably *was timely*), as the sole basis for arguing his subsequent submission of the same Petition, with the "Cover Sheet," was untimely and *not* "properly filed." Even if a court were to accept this tortured bit of legalese, Mr. May would be entitled to equitable tolling for the sixty-nine days between February 16, 2017 and April 26, 2017.

IT IS THEREFORE RECOMMENDED THAT:

1.     Respondent's Motion to Dismiss, *Doc. 12*, be DENIED.

2.     Respondent be directed to file a Response[13] addressing Mr. May's habeas claims within thirty (30) days of the entry of this Order.

---

[13] In recommending the Respondent's Motion to Dismiss be denied, the Court expresses no opinion as to the merits of Mr. May's habeas claims or to any other potential procedural bars to reaching those claims.

DATED this 28th day of December, 2018.

_____

UNITED STATES MAGISTRATE JUDGE