# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JIMMY DEWAYNE MAY                                                 PETITIONER
ADC #163080

v.                      CASE NO. 5:18-CV-00053 BSM

WENDY KELLEY                                                  RESPONDENT

## ORDER

After *de novo* review of the record, including Respondent Wendy Kelley's objections [Doc. No. 31], United States Magistrate Judge J. Thomas Ray's recommendations [Doc. No. 24] are adopted, and Respondent's motion to dismiss is denied.

Respondent argues in her objections [Doc. No. 31] that Petitioner Jimmy Dewayne May is not entitled to the 30 days of tolling between the time that his Rule 37 petition for post-conviction relief was denied and the deadline to appeal because May did not appeal. Although it appears the Eighth Circuit's more recent decision in *Streu v. Dormire*, 557 F.3d 960 (8th Cir. 2009), contradicts the earlier United States Supreme Court's decision in *Evans v. Chavis*, 546 U.S. 189 (2006), it is assumed that the Eighth Circuit considered *Evans* in deciding *Streu*. Therefore, the AEDPA limitations period was tolled between the denial of his Rule 37 petition and the deadline to file an appeal. *See Smith v. Hobbs*, No. 5:11-CV-00091-KGB, 2012 WL 3595989 (E.D. Ark. Aug. 20, 2012) (discussing the uncertainty as a result of the discrepancy between *Evans* and *Streu*, and deciding, in an apparent abundance of caution, to follow *Streu* and proceed to the merits). May's habeas petition was timely.

Respondent is directed to file a response to May's habeas petition within thirty (30)

days of this order.

May's motion to amend his habeas petition [Doc. No. 28], to include his purported notice of appeal and the letter returning his notice, is granted. It is noted, however, that because the notice of appeal was never filed, but rather, as May admits, was returned to him, it does not affect the tolling calculation against the AEDPA limitations period. *See* 28 U.S.C. § 2244(d)(2) (tolling the 1-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending.").

May's motion to appoint counsel [Doc. No. 27] is denied without prejudice. There is no constitutional right to legal representation in civil cases, although a court may, in its discretion, appoint counsel. *See Phillips v. Jasper County Jail,* 437 F.3d 791, 794 (8th Cir. 2006). Contrary to May's assertions, the issues in this case are neither factually nor legally complex, and he appears to be able to adequately present his claims. *Id.*

IT IS SO ORDERED this 22nd day of February 2019.

_____
UNITED STATES DISTRICT JUDGE